

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-7-2004

# Cooney v. Booth

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2652

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Cooney v. Booth" (2004). *2004 Decisions.* Paper 340.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/340

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 03-2652

———————————

ELEANOR M. COONEY, As Executrix of the
Estate of Daniel T. Cooney, Jr., Deceased;
ELEANOR M. COONEY; ELEANOR SCHIANO;
HELEN E. COONEY MUELLER; DANIEL T. COONEY, III;
ROBERT COONEY INDIVIDUALLY,

Appellants

v.

ROBERT E. BOOTH, JR.; ARTHUR R. BARTOLOZZI;
DAVID MCHUGH, (FICTITIOUS FIRST NAME); DAVID G. NAZARIAN;
JOHN DOE, (FICTITIOUS NAME); BOOTH, BARTOLOZZI, PENN ORTHOPEDICS;
MARK MANTELL; RECOVERY ROOM STAFF;
JANE DOE, JOHN ROE, ET AL, (FICTITIOUS NAMES);
GRADUATE HOSPITAL, (FORMERLY ALLEGHENY GRADUATE HOSPITAL);
PENNSYLVANIA HOSPITAL; ROBERT E. BOOTH, JR.; MARK MANTELL,
PERSONALLY;
BOOTH, BARTOLOZZI, BALDERSON, PENN ORTHOPEDICS, CORPORATION;
DENNIS MCHUGH

———————————————————

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 00-cv-01124)
District Judge: Honorable Eduardo C. Robreno

———————————————————————

Submitted Under Third Circuit LAR 34.1(a)
March 22, 2004

Before: ROTH, AMBRO AND CHERTOFF, <u>CIRCUIT JUDGES</u>

OPINION

_____

ROTH, Circuit Judge

Appellants appeal from the January 31, 2003, order of the District Court denying their Rule 60 (b) motion, the May 13, 2003, order denying their recusal motion, and the June 5, 2003, order denying their motion to reconsider the January 31, 2003, order. For the reasons that follow, we will affirm.

The background and factual allegations underlying this cause of action are well known by the parties and need not be detailed here. Briefly, appellants' decedent, Daniel T. Cooney, Jr., consented to have Dr. Robert Booth perform knee replacement surgery. Dr. Arthur Bartolozzi assisted Dr. Booth. After the surgery, Cooney's foot became discolored and no pulses were palpable. Corrective vascular surgery was performed. Cooney died as a result of secondary complications from the vascular surgery.

Cooney's estate and individual family members (appellants in this case) filed suit against the doctors involved and a number of other medical personnel and entities. On March 8, 2001, the District Court granted summary judgment in favor of Dr. Bartolozzi.[1] Appellants then voluntarily dismissed all remaining defendants except Dr. Booth. On

_____

[1] The same order also granted summary judgment in favor of defendant Nazarian.

March 22, 2001, a jury returned a verdict in favor of Dr. Booth. We affirmed.

In June 2002, appellants filed a Rule 60 (b) motion to set aside the order granting summary judgment in favor of Dr. Bartolozzi and the jury verdict in favor of Dr. Booth. In the motion, appellants asserted that the judgments should be set side because Dr. Booth and Dr. Bartolozzi committed fraud upon the court. The basis for the assertion of fraud was, inter alia, that appellants recently discovered that Dr. Booth's trial testimony conflicted with Dr. Bartolozzi's deposition testimony on the issue of whether Dr. Booth performed the critical aspects of Cooney's surgery. The District Court denied the motion, reasoning that it was untimely filed more than one year after the entry of the judgments, and that, even assuming that the motion was timely, it lacked merit.

Appellants subsequently filed a motion for reconsideration of the order denying their Rule 60 (b) motion along with a motion for recusal requesting that the District Judge recuse himself and vacate the order denying the Rule 60 (b) motion. The District Court denied the recusal motion by order entered May 13, 2003, and denied the reconsideration motion by order entered June 5, 2003. This appeal followed.

The District Court properly denied appellants' motions. We agree with the District Court that the Rule 60 (b) motion was untimely, see Fed. R. Civ. P. 60 (b), except for the allegation of fraud against the court, which we find to be without merit.

Despite appellants' assertions, Rule 60 does not provide a good cause exception for untimely filings and, even if it did, appellants' assertions fail to show good cause.

3

With respect to the order denying appellants' recusal motion, the District Court did not abuse its discretion in denying the motion. See Jones v. Pittsburgh Nat'l. Corp., 899 F.2d 1350, 1356 (3d Cir. 1990). Simply put, we find nothing in the record that suggests personal bias or prejudice by the District Court that would preclude fair judgment. See 28 U.S.C. § 144; U.S. v. Furst, 886 F.2d 558, 582 (3d Cir. 1989). Nor do we perceive any facts from which a reasonable person would conclude that the impartiality of the District Court might reasonably be questioned. See 28 U.S.C. § 455(a); Edelstein v. Wilentz, 812 F.2d 128 (3d Cir. 1987). To the extent that appellants challenged the District Judge's handling of certain motions, appellants should have pursued their concerns on direct appeal from the final order. Unfavorable rulings do not form an adequate basis for recusal. See SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

The District Court likewise did not abuse its discretion in denying appellants' reconsideration motion. Appellants failed to show an intervening change in controlling law, new evidence, clear error of law or fact, or manifest injustice. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Consequently, their motion was properly denied.

We have considered all of appellants' arguments and find them unpersuasive. Accordingly, we will affirm the orders of the District Court.

4